IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED TAXICAB WORKERS, an unincorporated association, MARSHALL CHILDS, an individual, DAVID BARLOW, an individual, DAVID SCHNEIDER, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CITY AND COUNTY OF SAN FRANCISCO and BOARD OF SUPERVISORS OF THE CITY AND COUNTY OF SAN FRANCISCO,<br><br>Defendants. | No. C 08-05415 WHA<br><br>**ORDER RE NECESSARY PARTIES** |

Plaintiffs, individual San Francisco taxicab drivers and an association of taxicab drivers, filed a complaint in this action on December 2, 2008. They previously filed a state court action in November 2006 against several taxicab companies, including Yellow Cab Cooperative, Inc., Luxor Cabs, Inc., and Speck Cab Co., Inc (dba Arrow Cab Company and Veterans Cab Company). In the state court action, plaintiffs alleged that the taxicab companies charged them excessive "gate fees." In August 2007, the City and County of San Francisco intervened in the state court action. Plaintiffs dismissed the state court action and filed this action after the City and County of San Francisco amended San Francisco Police Code § 1135.1. Plaintiffs now allege that the amended version of Section 1135.1 retroactively ratified the excessive gate fees that the taxicab companies charged the taxicab drivers. They further allege that amended

Section 1135.1 is unconstitutional. Here, the named defendants include the City and County of San Francisco and the Board of Supervisors of the City and County of San Francisco. The taxicab companies, however, were not named as defendants in this action.

On April 16, 2009, defendants filed a motion for judgment on the pleadings. A May 22 order denied defendant's motion, noting that the record was inconclusive on the wording and effect of the contracts between the taxicab companies and taxicab drivers. In that order, the parties were ordered to show cause as follows (Dkt. No. 1):

> This leads to a further question — are the taxicab companies necessary parties under Rule 19, given that resolution of this dispute turns on the meaning of their contracts and given that those companies have a monetary stake in the outcome of this litigation? Within TEN CALENDAR DAYS, all parties hereto are ORDERED TO SHOW CAUSE why this case should not be dismissed for failure to join a necessary party under Rule 19.

The parties have now filed their responses.

Having reviewed the responses to the order to show cause, the Court now rules as follows. The Court finds that the taxicab companies are necessary parties within the meaning of Rule 19. The reason is that the extent to which the ordinance might be deemed constitutional depends primarily on the wording and/or content of the contract between the taxicab drivers and taxicab companies. All is explained in the May 22 order. As a result, the Court finds that it will be necessary to adjudicate the rights of the taxicab companies vis-a-vis the taxicab drivers and adjudicate the effect of the amendment on the financial obligations of the taxicab companies on the plaintiff taxicab drivers. *See Dawavendewa v. Salt River Project Agr. Imp. and Power Dist.,* 276 F.3d 1150, 1154–55 (9th Cir. 2002).

As a result, this case will be dismissed, unless plaintiffs amend the complaint to add the taxicab companies as defendants and said amended complaint is served along with the summons on defendants **BY JULY 6, 2009** and proof of service is filed by said deadline. A copy of all orders issued in this case including the present order should be served with the amended complaint. If plaintiffs elect not to amend and bring in the necessary parties, then plaintiffs

2

should so notify the court **BY JUNE 15, 2009**, and then dismissal will be final and the judgment may be appealed.

**IT IS SO ORDERED.**

Dated: June 4, 2009

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE